———o———

## No. 6060.

## STATE OF LOUISIANA vs. KEYSTONE LIFE INSURANCE COMPANY.

### Syllabus.

1. The *proces verbal* of the Sheriff constitutes in itself a delivery under an adjudication at public sale of open accounts and other claims not evidenced in writing. And the same is true of a claim, such as a charter subscription to the capital stock of a corporation, the sole evidence of which consists in a document forming part of the public records.

2. An adjudicatee at public sale is bound to take notice of the recitals of the advertisement.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 91,969. Hon. Porter Parker, Judge.

Cage, Baldwin & Crabites, for plaintiff and appellee.

Charles I. Denechaud, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is an appeal from a judgment making absolute a rule to compel the appellant to comply with and pay the price of an adjudication made to him by the Civil Sheriff at receiver's sale of the remaining uncollected assets of a defunct insurance company and consisting of balances due by its agents, balances due by sundry subscribers to its capital stock and two claims against individuals. These assets, having an aggregate face value of some $30,000.00, were appraised for the purposes of the judicial sale at about $100.00 and were sold to the adjudicatee for $101.49.

The complaint of the adjudicatee that he cannot be compelled to comply with the adjudication because there has not been delivered to him some physical evidence of the existence of the debts which he purchased, is wholly untenable.

The agency balances and the two claims against individuals do not appear to exist in tangible form but rather as open accounts, and the **proces verbal** of the Sheriff wherein these accounts and balances are set out in detail constitutes in itself such delivery and assignment as appellant is entitled to demand and receive under the circumstances. The same is true of the balances due by those whose subscriptions to the capital stock are evidenced solely by their signatures to the charter itself, since the act of incorporation becomes a part of the public records; the custody and possession of which cannot be transferred to the adjudicatee.

With reference to the balances due by other subscribers, the advertisement itself made express reference to a statement thereof ''on file in the proceedings'' and upon this statement the fact is noted that the stock subscriptions could not be located, though the correctness of the statement is certified by the public account. The advertisement consequently conveyed to adjudicatee full notice of this condition and he cannot now complain.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 4th, 1914.

ST. PAUL, J., I concur, it being here only a question of delivery as between the parties.